```
                         United States Bankruptcy Court
                          Eastern District of New York
```

In re:                                                          Case No. 17-46270-ess
Josephine C Garcia                                              Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

```
District/off: 0207-1          User: admin             Page 1 of 1           Date Rcvd: Mar 08, 2018
                              Form ID: 318DF7         Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 10, 2018.
```
db              Josephine C Garcia,    459 Manhattan St,    Staten Island, NY 10307-1810
smg             NYC Department of Finance,    345 Adams Street,    Office of Legal Affairs,
                 Brooklyn, NY 11201-3719
smg            +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
                 Albany, NY 12240-0001
9187084        +345 Adams Street, 3rd Floor,    Brooklyn, NY 11201-3719
9147146       ++NISSAN MOTOR ACCEPTANCE CORPORATION,    LOSS RECOVERY,    PO BOX 660366,    DALLAS TX 75266-0366
               (address filed with court: Nissan-Infiniti Lt,    2901 Kinwest Pkwy,    Irving, TX 75063-5816)
9147145         Nissan Motor Acceptance Corp/Infinity Lt,    Attn: Bankruptcy,    PO Box 660360,
                 Dallas, TX 75266-0360
9147147         Nissan-Infiniti LT,    Nissan Motor Acceptance Corp/Infinity,    PO Box 660360,
                 Dallas, TX 75266-0360
9154540        +U.S. Bank Trust, N.A., as Trustee for,    LSF9 Master Participation Trust,
                 c/o Rosicki, Rosicki & Associates, P.C.,    51 East Bethpage Road,    Plainview, NY 11803-4224
9147148         US Bank TRUST, NA,    c/o Rosicki Rosicki & Associates PC,    2 Summit Ct Ste 301,
                 Fishkill, NY 12524-4318
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Mar 08 2018 18:34:23
                 NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,
                 Albany, NY 12205-0300
smg            +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Mar 08 2018 18:33:49
                 Office of the United States Trustee,    Eastern District of NY (Brooklyn Office),
                 U.S. Federal Office Building,    201 Varick Street, Suite 1006,    New York, NY 10014-9449
                                                                                              TOTAL: 2
```

```
               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 8, 2018 at the address(es) listed below:
```
              Alan Nisselson    anisselson@windelsmarx.com,
               theston@windelsmarx.com;ahollander@windelsmarx.com;n159@ecfcbis.com;jryan@windelsmarx.com
              Andrew David Goldberg    on behalf of Creditor    U.S. Bank Trust, N.A., as Trustee for LSF9 Master
               Participation Trust Bkmail@rosicki.com, ECFNotice@Rosicki.com
              Kevin B Zazzera    on behalf of Debtor Josephine C Garcia kzazz007@yahoo.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                              TOTAL: 4
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Josephine C Garcia** | Social Security number or ITIN **xxx−xx−7362** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of New York** | | |
| Case number:   **1−17−46270−ess** | | |

# Order of Discharge and Final Decree

**Revised: 12/15**

**IT IS ORDERED:**

A discharge under 11 U.S.C. § 727 is granted to:

    Josephine C Garcia

**IT IS FURTHER ORDERED**:

- Alan Nisselson (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

**BY THE COURT**

Dated: March 8, 2018

s/ Elizabeth S. Stong
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 7 CASE**

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**